UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20878-Civ-COOKE

DIMITRI PATTERSON,

    Plaintiff,

v.

MIAMI-DADE COUNTY, *et al.*,

    Defendants.

_____/

## ORDER DISMISSING CASE

    THIS MATTER is before me on five Defendants'[1] Motion to Dismiss Plaintiff's Complaint ("Motion") (ECF No. 20). On March 8, 2018, Plaintiff filed the instant Complaint (ECF No. 1). On March 30, 2018, the instant Motion was filed. Subsequently, at least six other Defendants[2] have filed three Motions to Dismiss. *See* ECF Nos. 29, 41, 42. While those three Motions to Dismiss are not yet ripe, Plaintiff has not responded to the instant Motion—despite filing five Motions for Clerks Entry of Default (ECF Nos. 30–34) and four Motions for Default Judgment (ECF Nos. 37–40) on the same day his response to Defendants' Motion was due. I have reviewed Plaintiff's filings and the relevant legal authority. I also note that Plaintiff has filed two previous complaints which are exceedingly similar to the instant Complaint. *See Patterson v. Miami-Dade Cty., et al.*, Case No. 18-cv-20241-UU; *Patterson v. Miami-Dade Cty., et al.*, Case No. 18-20821-CMA.[3] Both of Plaintiff's previous complaints were dismissed for failure to state a claim upon which relief may be granted. *See* UU ECF No. 36; CMA ECF No. 9. For the reasons provided herein, Plaintiff's Complaint must be dismissed once again for

---

[1] The five Defendants who are party to this Motion are NFL Player Second Career Savings Plan Master Trust, Savings Board of the NFL Player Second Career Savings Plan, Meyli Marward, Tammy Thompson, and Lindsay Ditusa.

[2] These Defendants are Bank of America N.A., *see* ECF No. 29, Jamie Morris, Mitchell Karpf, and Young Berman Karptf & Gonzalez, P.A., *see* ECF No. 41, and Marcos Beaton and Black Srebnick Kornspan & Stumpf, P.A., *see* ECF No. 42.

[3] Docket entries in Case No. 18-cv-20241-UU are denoted as "UU ECF No." Docket entries in Case No. 18-20821-CMA are denoted "CMA ECF No."

failure to state a claim upon which relief can be granted and Defendants' Motion is due to be granted.

## I. DISCUSSION

"Under the Federal Rules of Civil Procedure, a court may dismiss a case when the plaintiff fails to comply with procedural rules or a court order." *Hanna v. Fla.*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing Fed.R.Civ.P. 41(b)). Local Rule 7.1(c) provides that failing to respond to a motion within fourteen days may be deemed sufficient cause for granting the motion by default. Plaintiff's Complaint is therefore due to be dismissed as to the five Defendants who filed the instant Motion on that basis alone.

In addition, Federal Rule of Civil Procedure 8 mandates that a pleading which states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). The facts pleaded in a complaint must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, the "short and plain statement of the claim" in the complaint must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998). However, the leniency shown to *pro se* litigants "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), *overruled on other grounds*, *as recognized by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie County School Bd.*, 399 F. App'x. 563, 565 (11th Cir. 2010) (unpublished) (citations omitted).

Plaintiff's Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the 54-page Complaint contains numerous numbered paragraphs, they do not collectively establish, or put any Defendant on notice, of any viable causes of action Plaintiff intends to pursue. *See Twombly*, 550 U.S. at 555. While longer than both of his previous complaints, the instant

Complaint is nearly identical to the one filed in Case No. 18-20821-CMA. In that case, Judge Altonaga based her dismissal on Plaintiff's failure to state a claim upon which relief may be granted, specifically that Plaintiff had not put forth plausible facts supporting a conspiracy, Plaintiff had failed to adequately allege Defendants' actions were discriminatory, and that Plaintiff's Complaint amounted to a classic shotgun pleading. Similar arguments were raised in the various Motions to Dismiss filed in the instant case. *See* CMA ECF No. 9.

In the instant Complaint, Plaintiff again names the same 55 Defendants, including his ex-girlfriend Ericka Medina, her attorneys, eight state court judges, Miami-Dade County State Attorney and five Assistant State Attorneys, and a myriad of others, including financial institutions, their employees, and NFL insurance plans. In his Complaint, Plaintiff again claims violations of 42 U.S.C. § 1985(3), 18 U.S.C. § 241, 18 U.S.C. § 1341, 18 U.S.C. § 1344, 4th Amendment, 5th Amendment, 8th Amendment, 13th Amendment, and 14th Amendment. *See generally*, Compl. He again appears to allege a conspiracy to deprive him of his constitutional rights purportedly related to Medina's state court action for child support against Plaintiff, wherein Medina alleged Plaintiff is the biological father of her child. *See generally* Compl., ECF No. 1. While Plaintiff has made an attempt to cure the defect of a shotgun pleading by separating his causes of action by Defendant, the ultimate facts alleged are essentially the same. *Compare, e.g.,* CMA ECF No. 1, ¶¶ 59, 61, 62, 63, 64 *with* ECF No. 1, ¶¶ 62, 71, 72, 73, 74 (paragraphs are identical). There are some slight differences, such as Plaintiff adding in more phrases such as "meeting of the minds" "to conspire to deprive the Plaintiff of his constitutional rights." ECF No. 1, ¶ 75; *see also id.* at ¶¶ 66, 83, 94, 105, 126. However, such phrases are conclusory legal statements unsupported by facts that would amount to a constitutional violation or a conspiracy to commit constitutional violations. "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Iqbal*, 556 U.S. at 686.

Accordingly, even under the lenient pleading standard afforded to *pro se* litigants, I find that Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed.

## II. CONCLUSION

Defendants' Motion to Dismiss (ECF No. 20) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*, meaning Plaintiff may file an amended

3

complaint **within fourteen (14) days** of the date of this Order, if, *and only if*, he is able to allege facts that cure the pleading deficiencies outlined above. All pending motions, if any, are **DENIED** *as moot*. The Clerk of Court shall **CLOSE** this matter.

   **DONE and ORDERED** in chambers at Miami, Florida, this 20th day of April 2018.

*[signature]*
MARCIA G. COOKE
United States District Judge

*Copies furnished to:*
*Dimitri Patterson*, pro se
*Counsel of record*

4